SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

KESLIE STEWART (CSBN 184090)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, CA 94612
    Telephone: (510) 637-3709
    Facsimile: (510) 637-3724
    Email: keslie.stewart@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-00329 SI |
|     Plaintiff, ) | UNITED STATES' SENTENCING MEMORANDUM |
| v. ) | |
| JOHN AICEGA, ) | Hearing Date:  November 2, 2007<br>Hearing Time:  11:00 a.m. |
|     Defendant. ) | |

**I.**

**INTRODUCTION**

Defendant John Aicega pled guilty on June 8, 2007 to receipt and distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B). In the plea agreement, the defendant admitted to downloading hundreds of images of child pornography off of the internet. He admitted to receiving more than 400 pictures and at least 6 video clips containing child pornography and to distributing roughly 200 emails containing child pornography. The production of many of these images involved the use of minors engaged in sexually explicit conduct, including but not limited to oral-genital intercourse. Many of the images involved the

U.S. SENTENCING MEMORANDUM
No. CR 07-00329 SI

use of prepubescent minors and minors under the age of twelve. A hearing for imposition of judgment and sentence is currently scheduled for November 2, 2007. The government will make the images available to the Court at sentencing and urges the Court to view the images prior to imposing a sentence.[1]

In the plea agreement, the parties agreed that the applicable adjusted offense level under the Guidelines is 30. The defendant agreed not to oppose a government request for a ten year term of supervised release. The government agreed to recommend a sentence within the Guidelines range, and the parties agreed that the defendant could seek a downward departure based on the factors set forth at 18 U.S.C. § 3553(a).

Consistent with the plea agreement, the PSR correctly calculates the applicable offense level as 30. The defendant has no criminal history so the applicable sentencing range is 97-121 months. The PSR recommends only a five year term of supervised release and a below Guidelines fine of only $5000.

The government agrees with the United States Probation Officer ("USPO") that the appropriate term of imprisonment is one at the low end of the guidelines range: 97 months. This sentence is consistent with both the sentencing guidelines and the sentencing factors that the Court must consider pursuant to 18 U.S.C. § 3553(a). However, given the nature of the offense, the government recommends a ten-year term of supervised release (under the other terms and conditions recommended by the USPO). A life term of supervision is authorized pursuant to 18 U.S.C. § 3583(k). This statute requires a term of supervision no less then five years. The defendant does not object to the longer term of supervision and it is appropriate given the defendant's apparent sexual interest in prepubescent minors.

In addition to the $100 special assessment, the government recommends a $150,000 fine to be paid in monthly installments of $2000 per month. The PSR accurately states that the Guidelines range is $15,000 to $150,000. The defendant has retired after a full career. There is

---

[1] The images were made available to defense counsel prior to the change of plea.

U.S. SENTENCING MEMORANDUM
No. CR 07-00329 SI                    2

no evidence to suggest that this conviction, for conduct outside of his employment, has in any way jeopardized his retirement income. His net worth according to the PSR is $671,300. He will have few expenses while in custody and is more than capable of paying a fine in installments of $2000 per month.

## II.
## SENTENCING GUIDELINES CALCULATIONS

The parties agree with the USPO's computation of the sentencing guidelines applicable to defendant as follows:

| | | |
|---|---|---|
| Base Offense Level: | 22 | U.S.S.G. § 2G2.2(a)(2) |
| Specific Offense Characteristics: | +2 | U.S.S.G. § 2G2.2(b)(2)(prepubescent minors) |
| | +2 | U.S.S.G. § 2G2.2(b)(3)(F) (distribution) |
| | +2 | U.S.S.G. § 2G2.2(b)(6) (use of a computer) |
| | +5 | U.S.S.G. § 2G2.2(b)(7)(D) (more than 600 images) |
| | − 3 | U.S.S.G. § 3E1.1(a) & (b) (acceptance of responsibility) |
| **Total** | **30** | |

### A. Adjusted Offense Level

The defendant admits in paragraph two of the plea agreement to the factual basis supporting an adjusted offense level of 30.

### B. U.S.S.G. § 3E1.1 (Acceptance of Responsibility)

The government respectfully recommends that the defendant be granted a two-point reduction in offense level under U.S.S.G. § 3E1.1(a) because he has "clearly demonstrate[d] acceptance of responsibility for his offense" under the terms of § 3E1.1(a) by truthfully admitting the facts establishing his guilt.

Defendant is likewise entitled to a third point for acceptance of responsibility under the

distinct standard set forth in U.S.S.G. § 3E1.1(b). To qualify for this third point, the defendant must have "assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." § 3E1.1(b). Because the defendant waived indictment and pled guilty in this case in a timely manner that avoided any preparation for trial, the government hereby moves that he be granted this third point as well.

### III.

### STATUTORY SENTENCING FACTORS

In light of the *Booker* Court's severance of 18 U.S.C. § 3553(b)(1) from the federal sentencing statute, sentencing courts are now obliged to consider, in addition to the sentencing guidelines, the factors set forth 18 U.S.C. § 3553(a). These factors include the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, protect the public from further criminal conduct by the defendant, and avoid sentencing disparities among similarly situated defendants. A Guidelines sentence achieves these goals in this case.

As outlined in the PSR, the defendant graduated from college with a degree in social welfare. He spent 33 years working for the San Francisco County Juvenile Probation Department as a counselor and probation officer. In addition to studying the effects of child abuse in an academic setting, the defendant must have seen first-hand the effects of abuse and sexual exploitation on many of the children who found their way into the criminal justice system as minors. The defendant can point to no abuse or exploitation in his own past that would justify a departure from the Guidelines range that factors in the seriousness of the offense and the need to protect the public and deter further crimes. This defendant's educational and vocational background provide no factual basis for a downward departure under 18 U.S.C. § 3553.

Pursuant to 18 U.S.C. § 3572, when determining the appropriate fine, the Court should consider a number of factors including, among others, the defendant's financial resources, the burden a fine might have upon any dependents, and the expected costs to the government of

imprisonment and supervision. 18 U.S.C. § 3572(a)(1), (2), and (6). According to the PSR, the defendant is unmarried with grown children. His ex-wife has re-married. The defendant has a monthly income of $4800, and his only expenses while in custody will be $695 per month for his mortgage and homeowner's insurance. PSR at ¶ 48. The government's cost of imprisonment will be $2036 per month. PSR at ¶ 59. The defendant can and should be required to pay a fine at the high end of the Guidelines range in monthly installments of $2000 per month to avoid a windfall to the defendant and to offset the costs to the government resulting from defendant's criminal conduct. At a rate of $2000 per month, the defendant's fine would be paid after 6 years and three months. The defendant would still have the ability to save money while in custody and his certificates of deposit and mutual funds will be intact when he is released.

Accordingly, a sentence of 97 months imprisonment, ten years supervised release, $100 special assessment, and $150,000 fine is both reasonable and appropriate.

## IV.
## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court determine that defendant's ultimate guideline offense level is 30 and his criminal history category is I. The government further respectfully requests that, taking into consideration the advisory guideline range of 97-121 months and the sentencing factors set forth in section 3553(a), the Court sentence defendant to 97 months imprisonment, impose a ten-year term of supervised release (under the other terms and conditions recommended by the USPO), and order defendant to pay a $150,000 fine in monthly installments and a $100 special assessment.

DATED: October 26, 2007                                    Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

         /s/
KESLIE STEWART
Assistant United States Attorney