UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOHN AICEGA,<br>Defendant. | Case No. 07-cr-00329-SI-1<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Re: Dkt. No. 74 |

Defendant John Aicega has filed a motion for early termination of supervised release. Mr. Aicega is currently subject to lifetime supervised release based upon his conviction for receiving and distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B). Mr. Aicega has submitted a declaration in support of his motion in which he describes his life since the charges were first filed against him in 2007, including his successful completion of the Sexual Abuse Services of the North Bay therapy program. Mr. Aicega was released from prison on July 6, 2012, and has been on supervised release since that time.

The Court has received a letter from the Probation Office, which does not take a position on Mr. Aicega's motion, and an opposition from the government. The government states that Mr. Aicega has performed well on supervised release and commends him for his behavior. However, the government opposes early termination at this time based on the nature and seriousness of Mr. Aicega's crime. The government also raises concerns about the fact that Mr. Aicega initially failed his September 2021 polygraph examination, and "the fact that he only recently completed sex offender treatment in July 2019, just months before the COVID-19 pandemic and the various shelter-in-place orders that have made life somewhat atypical over the past two years." Opp'n at 5. The government asserts that maintaining the status quo for the time being will allow Mr. Aicega to

continue to benefit from supervision, including as the pandemic ebbs and many of the daily interactions that have been suspended or restricted resume.

18 U.S.C. 3583(e)(1) provides that a court may, under factors set forth in 18 U.S.C. § 3553(a) "terminate a term of supervised release … at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e) (1). When determining whether the defendant's conduct and the interest of justice warrant early termination of supervised release, the court "enjoys discretion to consider a wide range of circumstances." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). The burden is on the defendant, as the party receiving the benefit of early termination, to demonstrate that early termination is warranted. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

After considering the parties' arguments, the Court finds early termination to be unwarranted at this time. The Court commends defendant for his behavior. However, the Court is concerned about the September 2021 polygraph examination, as well as the points raised by the government about the atypical and restricted nature of life since the pandemic began. If Mr. Aicega's good behavior continues until December 2022, the Court will look favorably on a further motion for early termination of supervised release. Accordingly, defendant's motion for early termination of supervision is **DENIED** at this time, without prejudice to renewal.

**IT IS SO ORDERED**.

Dated: January 27, 2022

_____
SUSAN ILLSTON
United States District Judge